# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WATKINS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>KELLY HARRINGTON,<br><br>　　　　　Respondent.　　　　／ | 1:10-cv-01834-SMS (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND, AND DIRECTING CLERK OF COURT TO SERVE PETITIONER WITH A COPY OF A BLANK SECTION 2254 FORM PETITION<br><br>[Doc. 5] |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

　　　　Petitioner filed the instant petition for writ of habeas corpus on August 26, 2010, in the United States District Court for the Northern District of California.  On September 14, 2010, the petition was transferred to this Court.

　　　　Petitioner claims that he is being illegally detained in custody beyond the maximum term of his sentence.  Petitioner further claims that he has filed documents in this Court which have been lost.

　　　　Petitioner acknowledges that he previously filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court on May 25, 2007, in case number 1:07-cv-00767-

1  AWI-DLB (HC).¹  On July 23, 2007, the Court dismissed that petition with leave to amend.  An
2  Amended Petition was filed on August 20, 2007; however, on December 20, 2007, the action
3  was dismissed because the Amended Petition did not comply with the Court's July 23, 2007,
4  order.  Petitioner has failed to set forth any other basis for relief and the Court cannot discern the
5  purpose of his filing.  Accordingly, it is HEREBY ORDERED that the instant petition for writ of
6  habeas corpus is DISMISSED.

8  IT IS SO ORDERED.
9  **Dated:   December 1, 2010**              /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE

---

¹ Pursuant to Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of filings in another case.  See Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9ᵗʰ Cir. 2003) (materials from a proceeding in another tribunal are appropriate for judicial notice); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that a court may take judicial notice of "matters of public record"); United States v. Camp, 723 F.2d 74`, 744 n.1 (9ᵗʰ Cir. 1984) (citing examples of judicially noticed public records).